## Automobile Underwriters, Inc. v. Erie Insurance Group

*Ritchie T. Marsh,* for plaintiff.
*James M. Antoun,* for defendant.
*Wayne G. Johnson,* for defendant.

JIULIANTE, *J.,* November 14, 1983—This declaratory judgment action comes before the court on defendant Erie Insurance Group's (Erie) application for stay of judicial proceedings pursuant to 42 Pa.C.S. §7304(d) and §7451.[1] For the reasons stated below, we shall deny the application.

The facts as stated in the complaint are as follows: On June 22, 1980, Edith Sestak, a Pennsylvania domiciliary, was a passenger in an auto owned by Cappabianca Travel Agency, Inc., also a Pennsylvania domiciliary. The Cappabianca car was insured

---

[1] Plaintiff has filed a motion for summary judgment or judgment on the pleadings. Defendant has not yet answered the complaint. Therefore, summary judgment will be deferred until after the pleadings are closed. Pa. R.C.P. 1034, 1035.

by plaintiff State Auto. Edith Sestak owned no insurance policy of her own, but she resided with her son, who had a no-fault insurance policy issued by defendant Erie.

Mrs. Sestak had accompanied the others in the State Auto insured car on a sojourn to New York. On the return trip, the Cappabianca car collided head-on with a tractor-trailer operated by one Edward R. Yurkiewicz, an Ohio domiciliary. The collision occurred in Portland, Chautauqua County, New York, on U.S. Route 5. Mrs. Sestak sustained serious injuries requiring medical care. Her injuries also resulted in lost income.

Mrs. Sestak filed suit in this court against State Auto and Erie for personal injury protection benefits (PIP) pursuant to the No-fault Act[2] at 9052-A-1980. After the pleadings in that case were closed, the case was discontinued without State Auto's knowledge or consent, and an arbitration proceeding was instituted by Erie in New York. This action was filed soon thereafter.

It appears that the sole issue in 9052-A-1980, the arbitration proceeding in New York, and this action is whether State Auto or Erie should provide benefits to Mrs. Sestak. In none of these proceedings was Mrs. Sestak's entitlement to benefits questioned. The disposition of this issue in turn depends on whether the New York or Pennsylvania No-fault law applies. The issue presently before the court is whether or not this action should be stayed and the matter referred to arbitration.

Erie relies on New York Insurance Law, §674 (McKinney Supp.) for its assertion that this dispute

---

[2] Act of July 19, 1976, P.L. 489, No. 176, 40 P.S. §1009.101 et seq.

is subject to mandatory arbitration. Section 674 allows an insurer required to pay first party benefits to recover the amount of those benefits "from the insurer of any other covered person if and to the extent that such other covered person would have been liable, but for the provisions of this article, to pay damages in an action at law" with certain qualifications not relevant here. In essence, Erie seeks subrogation from State Auto for first party benefits it has apparently paid to Mrs. Sestak.

The case presents the court with a conflict of laws. Under the Pennsylvania No-fault Statute, Sestak receives benefits from Erie, her son's insurer, as an "insured" pursuant to 40 P.S. §1009.103 and §1009.204(a)(2). The same result is reached under N.Y. Ins. Law, §672(1)(a) (McKinney Supp.). The two acts diverge, however, on the issue of subrogation of no-fault benefits paid. Defendant, in reliance on N.Y. Ins. Law §674(1), claims it is entitled to subrogation from the insurer of the party who was at fault, as noted above. The Pennsylvania Act, however, provides: §1009.11 Rights and duties of obligors.

(a) Reimbursement and subrogation —

(1) Except as provided in paragraphs (2) and (3) of this subsection, an obligor:

(A) does not have and may not contact, directly or indirectly, in whole or in part, for a right of reimbursement from or subrogation to the proceeds of a victim's claim for relief or to a victim's cause of action for noneconomic detriment; and

(B) may not directly or indirectly contract for any right of reimbursement based upon a determination of fault from any other obligor not acting as a reinsurer for no-fault benefits which it has paid or is obligated to pay as a result of injury to a victim.

This language obviously expresses the policy of the Commonwealth that insurers providing security under the Pennsylvania Act do so without recourse to fault-based subrogation.

Faced with this conflict, we must decide which law should apply to this case. 40 P.S. §1009.110(c)(2) provides that the law of the domicile of the victim applies, which in this case would be Pennsylvania. N.Y. Ins. Law, §672(1)(a) states that the act applies to "loss arising out of the use or operation in this state." Thus, we are given no statutory guidance, and must resolve the conflict of laws by reference to general principles of conflict of laws.

In Griffith v. United Airlines, 416 Pa. 1 (1964), the Pennsylvania Supreme Court adopted the "contacts" test for resolving conflicts of law. Under Griffith, we are required to apply the law of the jurisdiction with the most significant relationship with the occurrence and the parties. To determine this, reference must be made to the place of the injury, the domicile of the parties, and the "place where the relationship between the parties is centered". 416 Pa. at 15. The statement of facts above clearly indicates that under the Griffith test, Pennsylvania law should apply. Further, we note that the policies in question were issued in Pennsylvania in conformance with the Pennsylvania act, and the premiums were presumably calculated in reliance on 40 P.S. §1009.111(a)(1).

The Griffith test is not one of merely "counting contacts". A decision on a choice of law must also be made with reference to the policies underlying the differences in the law. The New York no-fault act has, as its primary purpose, the compensation of victims quickly for substantially all of their economic loss without regard to fault. N.Y. Ins. Law, §674 (McKinney Supp.), Montgomery v. Daniels, 38 N.Y.

2d 41 (1975). A secondary purpose is the reduction of premiums. Montgomery, supra. Presumably, §674 is directed to this secondary purpose and would result in premium differentials between insureds based on accident fault experience. We find that this secondary purpose would not be frustrated in this case since the premiums were presumably based in part on the Pennsylvania act's prohibition against subrogation.

Pennsylvania, on the other hand, has a legislatively declared policy against the type of subrogation allowed under New York law, the result of which is to evenly distribute the premium burden on the driving population without regard to fault. Application of N.Y. Ins. Law §674 would frustrate this purpose if applied to Pennsylvania insurers, and would re-distribute the burden of providing benefits in a way not contemplated by the Pennsylvania act.

We find, therefore, that §674 of the New York act does not apply in this case, as it would frustrate the law of the state where the contacts of the parties are centered, which is Pennsylvania, by giving Erie a benefit not contemplated at the time the policy was issued and which is expressly prohibited by 40 P.S. §1009.111.

Erie further argues that the dispute should be resolved in the New York arbitration forum by virtue of a "Special Arbitration Agreement" to which it and State Auto are parties. Our analysis of §111 of the No-fault Act, however, leads us to the conclusion that the arbitration agreement, insofar as it allows subrogation of PIP benefits, is a "contract for a right of reimbursement based on a determination of fault from [another] obligor" and is prohibited by §111(a)(B) of the Pennsylvania act. There is, therefore, no purpose to be served by arbitration under

§674(2), as the award of the arbitrators is limited to a determination of subrogation of PIP benefits on a fault basis, contrary to the Pennsylvania act.

Thus, we find that Erie's application for stay of proceedings should be denied.

## ORDER

And now, this November 14, 1983, it is ordered, adjudged and decreed:

1. Defendant, Erie Insurance Group's application for stay of judicial proceedings is denied;

2. Defendant Erie Insurance Group shall answer plaintiff's complaint within 20 days;

3. Plaintiff's motion for judgment on the pleadings or summary judgment is deferred until the pleadings are closed.